This matter came before the court at trial on June 21, 2011, in the Regular Division of the Oregon Tax Court. The issue for trial was the fair market value of property of Plaintiff (taxpayer). Taxpayer relied upon an appraisal report and testimony of its expert witness William Paul Jackson.
When counsel for taxpayer moved for admission of the appraisal report prepared by Mr. Jackson, Defendant Clackamas County objected on the grounds that the field notes, work papers and other documents relied upon by Mr. Jackson had not been exchanged as required by Tax Court Rule (TCR) 56 B(2). That objection was sustained and taxpayer's appraisal report was *Page 2 
excluded from evidence and all related testimony stricken from the record as a sanction under TCR 56 B(3).[1]
Defendant Clackamas County Assessor then made an oral motion for dismissal at trial pursuant to TCR 60. The court considers this motion well taken because, in the absence of taxpayer's appraisal report and the related testimony of Mr. Jackson, taxpayer is unable to bear the burden of showing by a preponderance of the evidence that Maximum Assessed Value of the property at issue in this case exceeded the Real Market Value of such property on January 1, 2009. Now, therefore,
IT IS ORDERED that Defendant Clackamas County Assessor's motion for dismissal at trial is granted. Counsel for Clackamas County Assessor is directed to prepare and submit an appropriate form of judgment.
Dated this ___ day of June, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON JUNE 23, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] In the argument on the objection, counsel for taxpayer asserted that TCR 56 B(2) does not apply to computerized records. That position was not well taken. The rule itself contemplates computer produced documents. Further, the reason for the rule is to permit an opponent to be able to prepare for cross-examination of an expert appraiser. That purpose would be wholly frustrated in today's world if work papers and documents conveniently kept on a computer rather than in paper form could escape the exchange requirement. Finally, the appraisal report was described as a summary report and stated "[s]upporting documentation concerning the data, reasoning, and analysis is retained in our files." Not withstanding that statement, no such material was exchanged as required.
 *Page 1